UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY CLUB MEMBERS, LLC,<br>RICHARD REILLY,<br>JOAN KELLY,<br>MARY ANN SULLIVAN,<br>WILLIAM J. HEWITT,<br>MELISSA GORDON,<br>MATT COSTA,<br>JON A. CIFFOLILLO, and<br>MICHAEL F. STAUFF<br><br>Plaintiffs,<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | CIVIL ACTION NO.:<br><br><br><br><br><br><br><br>NOVEMBER 4, 2021 |

## **COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW, Plaintiffs, Bay Club Members, LLC ("Bay Club") and Richard Reilly, Joan Kelly, Mary Ann Sullivan, William J. Hewitt, Melissa Gordon, Matt Costa, Jon A. Ciffolillo, and Michael F. Stauff (collectively, the "Board Members") by and through their attorneys, Saxe, Doernberger & Vita, P.C., as and for their Complaint against the Defendant, Selective Insurance Company of America ("Selective"), allege as follows:

## **PARTIES**

1.  Bay Club is a Delaware corporation with its principal place of business at 63 County Road, Mattapoisett, Massachusetts.

2.  Richard Reilly resides in Needham, Massachusetts, Norfolk County.

1

3. Joan Kelly resides in Mattapoisett, Massachusetts, Plymouth County.

4. Mary Ann Sullivan resides in Mattapoisett, Massachusetts, Plymouth County.

5. William J. Hewitt resides in Mattapoisett, Massachusetts, Plymouth County.

6. Melissa Gordon resides in Mattapoisett, Massachusetts, Plymouth County.

7. Matt Costa resides in Mattapoisett, Massachusetts, Plymouth County.

8. Jon A. Ciffolillo resides in Mattapoisett, Massachusetts, Plymouth County.

9. Michael F. Stauff resides in Mattapoisett, Massachusetts, Plymouth County.

10. Upon information and belief, Selective is a New Jersey corporation with its principal place of business at 40 Wantage Avenue, Branchville, New Jersey.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1) insofar as this is a diversity action between the citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

12. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a) (1) insofar as a substantial part of the events and omissions which give rise to this legal action occurred in this District.

## FACTUAL ALLEGATIONS

### The Selective Policy

13. Selective issued to Bay Club a private company management liability policy bearing policy no. MY 100716800, with an effective policy period of December 10, 2018 to December 10, 2019, and a limit of three million dollars ($3,000,000.00) in the aggregate (the "Selective Policy"). A copy of the Selective Policy is filed herewith as Exhibit A.

14. Bay Club is an insured under the Selective Policy.

15. The Board Members are insureds under the Selective Policy.

16. Selective promised to pay all "loss" which insured persons (who include the Board Members) are legally obligated to pay as a result of a "claim" for "wrongful acts". See Selective Policy, Coverage Part A, Section I – Insuring Agreements, A. Individual Liability.

17. Selective promised to pay all "loss" on behalf of Bay Club which the Board Members are legally obligated to pay as a result of a "claim" for "wrongful acts" to the extent that Bay Club is required to indemnify the Board Members. See Selective Policy, Coverage Part A, Section I – Insuring Agreements, B. Company Indemnification Liability.

18. Selective promised to pay all "loss" on behalf of Bay Club as a result of a "claim" made against Bay Club for "wrongful acts". See Selective Policy, Coverage Part A, Section I - Insuring Agreements, C. Company Liability.

19. The Selective Policy defines "claim" to mean a "written demand for monetary or non-monetary damages, including injunctive relief made against an 'insured'", "an arbitration proceeding begun against an 'insured' by the serving of a demand for arbitration . . . ." Selective Policy, Coverage Part A, Section II – Definitions, A.

20. The Selective Policy defines "loss" to mean damages, settlements or judgments, pre-judgment or post-judgment interest, costs or fees awarded in favor of the claimant, punitive or exemplary damages or the multiplied portion of a multiple damages award, and defense costs. Selective Policy, Coverage Part A, Section II – Definitions, F.

21. The Selective Policy defines "wrongful act" to mean any actual or alleged act, omissions, error, misstatement, misleading statement, neglect or breach of duty by any insured persons in their capacity with the company. Selective Policy, Coverage Part A, Section II – Definitions, J .

22. The Selective Policy defines "shareholder derivative action" to mean "a civil proceeding in a court of law brought by one or more of the 'company's' shareholder(s) against any 'insured person' for a 'wrongful act'." Selective Policy, Coverage Part A, Section II – Definitions, I.

23. Section III of Coverage Part A of the Selective Policy includes Exclusion A., 3. which states:

> The "insurer" shall not be liable for "loss" from any "claim" made against any "insured":
> . . .
> made by or made on behalf of the "company", or any security holder of the "company", or any "insured person".

("Exclusion 3").

24. Exclusion 3 includes several exceptions, most notably, exceptions b. and e., which state:

> This exclusion does not apply to:
> . . .
> b. a "shareholder derivative action", but only if brought and maintained without the solicitation, approval, assistance, active participation or intervention of any "insured" and only if independent of the actions of any "insured" or party affiliated with that "insured".
> . . .
> e. any "claim" brought by any former director or officer who has not served as director, officer, trustee, governor, management committee member, member of the management board, general counsel or risk manager (or equivalent position) or consultant for the "company" for at least three (3) years prior to the commencement of such "claim", if the former directors or officer bringing such "claim" is acting totally independent of, and without the solicitation, assistance, active

participation or intervention of any Directors or Officers or the "company".

(the "Shareholder Derivative Action Exception" and the "Former Director or Officer Exception", respectively).

## The Operating Agreement

25. Bay Club established a Limited Liability Operating Agreement (the "Operating Agreement") with an effective date of July 10, 2006.

26. The Operating Agreement provides that Bay Club "shall indemnify, save harmless, and pay all judgments and claims against each Manager or Officer . . . ." Operating Agreement, Article 7.1.

27. The Operating Agreement further provides that any dispute that arises out of or relates to the Operating Agreement shall be settled by arbitration conducted in Boston, Massachusetts. See Operating Agreement, Article 12.3.

28. The Operating Agreement was in existence and in full force and effect prior to the inception of the Selective Policy.

## The Claim

29. On October 31, 2019, Walter Uihlein submitted a "Dispute Notice" to Bay Club (the "Uihlein Dispute Notice"), asserting certain claims against Plaintiffs.

30. On November 5, 2019, Joseph A. Bruno and Nancy Bruno (Shemamedoit Trust), Joseph D. Bruno (Daframar Trust), Vicki Abrahamson (Esventire Trust), Lauri Casey (Maresda Trust), Timothy Casey, Elyse Leonard, Mary Lou Schuler, and Paul Sousa submitted a "Dispute Notice" to Bay Club (collectively with the Uihlein Dispute Notice, the "Dispute Notices"), asserting certain claims against the Plaintiffs.

5

31. Bay Club gave notice to Selective of the Dispute Notices by letter dated November 13, 2019.

32. Joseph Bruno and Nancy Bruno, in their capacity as co-trustees of Shemamedoit Trust III, then filed a "Demand for Arbitration" dated May 6, 2020 against Bay Club and the Board Members (the "Bruno Demand for Arbitration").

33. Notice of the Bruno Demand for Arbitration was given to Selective.

34. By letter dated June 2, 2020, Selective denied coverage for the Bruno Demand for Arbitration stating that Exclusion 3 applied to the Claim. A copy of the June 2, 2020 Denial Letter is filed herewith as Exhibit B.

35. Subsequently, via e-mail dated July 2, 2020, Selective advised counsel for Bay Club and the Board Members that it was maintaining its coverage denial because the Shareholder Derivative Action Exception to Exclusion 3 is inapplicable.

36. On or about September 14, 2020, Walter Uihlein (together with Joseph Bruno and Nancy Bruno, in their capacity as co-trustees of Shemamedoit Trust III, the "Underlying Claimants") filed an additional "Demand for Arbitration," bearing Case No. 01-20-0005-1617, which incorporated the allegations of the Bruno Demand for Arbitration and added one additional count (the "Uihlein Demand for Arbitration"; collectively, with the Bruno Demand for Arbitration, the "Claim").

37. Notice of the Uihlein Demand for Arbitration was given to Selective.

38. Selective was also notified that Walter Uihlein previously served as a Board Member of Bay Club in 2006.

39.     As part of the Claim, the Underlying Claimants allege that the Board Members breached their fiduciary duty in connection with a proposed transaction which would allegedly impair the value of the shares of Bay Club's equity holders.

40.     The Claim includes counts asserting a shareholder derivative action.

41.     Therefore, to the extent that Exclusion 3 applies (which, Plaintiffs contend that it does not), the Claim fits squarely into both the Shareholder Derivative Action Exception and the Former Director or Officer Exception.

42.     Despite knowledge that the Claim includes counts asserting a shareholder derivative action and that Walter Uihlein served as a former director or officer, Selective again denied coverage for the Claim by way of letter dated August 5, 2021. A copy of the August 5, 2021 Denial Letter is filed herewith as <u>Exhibit C</u>.

## **FIRST CAUSE OF ACTION**

### **Breach of Contract**

43.     Paragraphs 1-42 of this Complaint are hereby repeated and realleged as if set forth fully herein.

44.     The Selective Policy is a valid and enforceable written contract which was in full force and effect at all relevant times.

45.     Pursuant to the Selective Policy, Selective promised to provide coverage for all loss which the insureds are obligated to pay as a result of a claim.

46.     The Underlying Claimants' allegations against Bay Club and the Board Members constitute a "claim" under the Selective Policy.

47.     The Underlying Claimants allege "wrongful acts" by Bay Club and the Board Members.

48. The Claim was made and reported in accordance with the requirements of the Selective Policy.

49. Bay Club and the Board Members provided timely notice of the Dispute Notices and the Claim to Selective and complied with all necessary conditions and other terms of the Selective Policy or they are otherwise excused from the performance of those conditions and terms.

50. Bay Club and the Board Members demanded that Selective provide coverage for their defense costs and indemnify them against the Claim as insureds under the Selective Policy.

51. To date, Selective has failed and/or refused to provide coverage for defense costs and indemnify Bay Club and the Board Members against the Claim in breach of the Selective Policy.

52. Selective's refusal to provide coverage constitutes a breach of the Selective Policy.

53. As a consequence of Selective's breach, Bay Club and the Board Members have been and continue to be, damaged.

## **SECOND CAUSE OF ACTION**

### **Declaratory Relief**

54. Paragraphs 1-53 of this Complaint are hereby repeated and realleged as if set forth fully herein.

55. A dispute has arisen between Bay Club and Selective regarding whether Selective is obligated to provide coverage under the Selective Policy in connection with the Claim.

56. An actionable case and justiciable controversy exist regarding Selective's obligations under the Selective Policy with respect to coverage for Bay Club and the Board Members in connection with the Claim.

57. A declaratory judgment is necessary and appropriate to determine the rights and duties of Selective, Bay Club, and the Board Members pursuant to the Selective Policy.

## THIRD CAUSE OF ACTION

### Violation of Mass. Gen. Laws chapters 93A and 176D

58. Paragraphs 1-57 of this Complaint are hereby repeated and realleged as if set forth fully herein.

59. Selective has engaged in unfair claims settlement practices or similar conduct which is prohibited by G. L. c. 176D, § 3, specifically by:

   a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue (G. L. c. 176D, § 3(9)(a));

   b. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies (G. L. c. 176D, § 3(9)(c));

   c. Refusing to pay claims without conducting a reasonable investigation based upon all available information (G. L. c. 176D, § 3(9)(b));

   d. Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear (G. L. c. 176D, § 3(9)(f)); and

  e. Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement (G. L. c. 176D, § 3(9)(n)).

60. Selective also breached its duty of good faith and fair dealing owed under the Selective Policy to Bay Club and the Board Members in the following ways:

  a. Failing to articulate the basis for its denial of coverage;

  b. Taking a position which renders the coverage provided under the Selective Policy illusory;

  c. Ignoring facts that would lead to a finding of coverage;

  d. Unreasonably withholding benefits due to Bay Club and the Board Members; and

  e. Placing its own financial interests ahead of Bay Club and the Board Members.

61. Selective's unfair methods of competition and unfair and deceptive acts occurred primarily and substantially within the Commonwealth of Massachusetts.

62. Selective's conduct was not prompted by negligence or an honest mistake as to Selective's obligations to Bay Club and the Board Members under the Selective Policy.

63. As a direct result of Selective's breach of the implied covenant of good faith and fair dealing and/or Unfair Claims Settlement Practices (in violation of G. L. cc. 93A and 176D, § 3), Bay Club and the Board Members have suffered damages, including a loss of money and property.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs, Bay Club and the Board Members, respectfully request this Court enter judgment:

1. For damages for past attorney's fees and costs incurred in defense of the Claim;

2. Declaring that Selective is obligated to provide a defense to Bay Club in connection with the Claim;

3. Finding that the conduct of Selective was a violation of Mass. Gen. Law chapters 93A and 176D;

4. For recovery of their attorney's fees and costs for this lawsuit;

5. For an award of treble damages on their claims; and

6. For such other further relief as this court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury as to all matters so triable.


Dated: November 4, 2021

RESPECTFULLY SUBMITTED,
BAY CLUB MEMBERS, LLC,
RICHARD REILLY,
JOAN KELLY,
MARY ANN SULLIVAN,
WILLIAM J. HEWITT,
MELISSA GORDON,
MATT COSTA,
JON A. CIFFOLILLO, and
MICHAEL F. STAUFF

By their attorneys,
SAXE DOERNBERGER & VITA, P.C.


/s/ Grace V. Hebbel
Grace V. Hebbel (BBO: 687980)
ghebbel@sdvlaw.com
35 Nutmeg Drive, Suite 140
Trumbull, CT 06611
(203) 287-2100